## ARKANSAS STATE HIGHWAY COMMISSION v. HUBERT SMITH JR., ET AL

73-15             495 S.W. 2d 147

Opinion delivered June 4, 1973

Thomas B. Keys and Philip N. Gowen, for appellant.
Lightle, Tedder & Hannah, for appellees.

CONLEY BYRD, Justice. The Arkansas State Highway Commission contends on this appeal that the trial court committed error in allowing the landowners' witness to use a sale occurring three years after the taking in arriving at his valuation of the property taken. We do not agree.

The record shows that the property in question lies at the southern intersection of Highway 67 and Highway 67B. Prior to the taking, the landowners held a total of 40.5 acres with 9.5 acres being north and west of Highway 67 and 31 acres south and east of Highway 67. After the taking, there remains only 3.31 acres in "Y" created by No. 67 and No. 67B and 22.32 acres south

and east of the freeway. By this action the Highway Commission took all of the access except seventy feet on the remaining 3.31 acre tract. The 22.32 acre tract is land-locked. All of the witnesses for the landowners describ-ed the property in the area as being closely held. Admitted-ly there were no comparable sales within the immediate vicinity. In testifying to comparables Terrill Huff, an expert witness for the landowners, stated that he consider-ed a sale of property of Ruben Adams to J. W. Souther-land on March 5, 1965, at $1785 per acre. He also stated that there was another sale of the same piece of pro-perty in July, 1971. At that time the Highway Commis-sion objected on the ground that it was three years after the date of taking. The trial court permitted the witness to use the subsequent sale at $2,857 per acre for the pur-pose of interpolating—i.e., to show market value as of the date of taking on July 25, 1968. By this method the witness arrived at a before value of $2000 per acre for the 9.5 acre tract.

Two other witnesses for the landowners used the same process without objection and at least one of the witnesses for the Highway Commission stated that in making his appraisal he considered the Adams to Souther-land sale and also the resale.

The Highway Commission now argues that it is common knowledge that the construction of the free-way through that area has caused substantial increases in land values and that the sale was too remote in time. The record here does not show that the highway construc-tion involved has increased land values in general or that the freeway construction goes by or affects the 1971 resale of the Southerland tract. On the record here made we cannot say that the trial court erred in ad-mitting the testimony for the purpose stated.

When viewed in the light most favorable to the jury's verdict, we find substantial evidence to support the award in the amount of $34,637.00.

Affirmed.